I concur in the result reached by the majority based upon the automobile exception established in U.S. v. Ross (1982),456 U.S. 798. I respectfully disagree with the majority's and trial court's conclusion the search of the weapon was justified as a valid protective sweep for officer safety. The majority finds, "The evidence supports the conclusion that the officer intended to further investigate the question of operation of a motor vehicle under the influence of alcohol by the administration of field sobriety checks. To accomplish this [impliedly at the scene], the officer would have had to release the appellant from the handcuffs and secured position of the cruiser." Majority Opinion at 4. Upon review of the transcript, I disagree. The officer did express it was his intention to administer field sobriety tests when he originally contacted appellant at the scene. However, after the officer saw the bullet; a wooden object under the seat; the appellant throw the beer bottle from the car; smelled alcohol; was advised someone (apparently the appellant) had brandished a weapon; and after handcuffing and securing appellant in the cruiser — it seems clear no field sobriety tests would be conducted at the scene. The field sobriety tests were conducted later at the police station. Where a suspect has been removed from the vehicle and secured by the investigating officer and no other individual has access to the lunge area, a warrantless, officer safety search for weapons is not constitutionally permissible. State v. Jackson (1966), 110 Ohio App.3d 137. Because appellant no longer had access to the vehicle at the time the officer searched it, protective search of the lunge area for officer safety was not justified under the facts of the case sub judice.